Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8101 | **DATE** | 4/29/2004 |
| **CASE TITLE** | Umicore Building Products vs. Trinity Roofing Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. Third-party defendant James McHugh Construction Co. is the only party to appear. **ENTER MEMORANDUM OPINION:** McHugh's motion (Docs 13-2 & 13-3) to stay the proceedings and compel arbitration is granted, but only as to Trinity's third-party complaint. Trinity is granted leave to file a motion to compel arbitration against Umicore. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UMICORE BUILDING PROJECTS USA, INC. )<br>    Plaintiff/Counter-defendant, )<br>vs. )<br>TRINITY ROOFING SERVICE, INC., )<br>    Defendant/Counter-claimant. )<br>------------------------------------------------------------ )<br>TRINITY ROOFING SERVICE, INC., )<br>    Third-party Plaintiff, )<br>vs. )<br>JAMES MCHUGH CONSTRUCTION CO., )<br>    Third-party Defendant. ) | 03 C 8101 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Third-Party Defendant James McHugh Construction Company's ("McHugh") motion to dismiss, or in the alternative, to stay the complaint of Defendant/Third-Party Plaintiff Trinity Roofing Service, Inc. ("Trinity") and to compel arbitration. For the reasons set forth below, the motion to stay is granted.

## BACKGROUND

McHugh is the general contractor on a construction project in Chicago (the "Project"). On March 8, 2001, McHugh contracted Trinity to provide roofing services for the Project (the "Subcontract"), including the furnishing of a zinc metal roofing



system and accompanying shop drawings. On August 19, 2002, Trinity sent Plaintiff Umicore Building Products USA, Inc. (Umicore) a purchase order for Umicore to deliver shop drawings and to fabricate roofing materials for Trinity's use on the Project (the "Purchase Order"). On November 12, 2003, Umicore, a Delaware corporation based in North Carolina, filed a complaint in this court against Trinity, an Illinois corporation, pursuant to 28 U.S.C. § 1332. Umicore's complaint alleges five counts of breach of contract under Illinois law, claiming that it fully performed under the terms of the Purchase Order and that Trinity has not paid for its services.

On February 9, 2004, Trinity filed a third-party complaint against McHugh, seeking to indemnify McHugh for any resulting judgment in favor of Umicore. Trinity's third-party complaint against McHugh also alleges breach of contract. On March 17, 2004, McHugh notified Trinity of its election to arbitrate their dispute pursuant to a binding arbitration clause contained in the Subcontract. On the same day, McHugh also filed the present motion to stay Trinity's third party complaint and compel arbitration.[1]

---

[1] McHugh's motion seeks to dismiss the complaint, or in the alternative to stay the proceedings and compel arbitration. However, when a binding arbitration clause is successfully invoked, the effect is to stay the case, as opposed to dismissal of the suit. 9 U.S.C. § 3; Pryner v. Tractor Supply Co., 109 F.3d 354, 361 (7th Cir. 1997). We will therefore treat McHugh's motion solely as a motion to stay and compel arbitration.

## DISCUSSION

The Subcontract's arbitration clause provides: "Any dispute between [Trinity] and [McHugh] shall, at [McHugh's] sole option, be decided (1) by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association or (2) by litigation in any appropriate court located in Chicago, Illinois." McHugh ex. A, Art. 23. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, indicates a strong federal policy in favor of the enforcement of private arbitration agreements. Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 225-26 (1987). According to the FAA, a written agreement to arbitrate "in a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; Moses H. Cone Mem'l Hosp. v. Mercury Construction, 460 U.S. 1, 24 (1983). Where a contract includes an arbitration clause, the clause creates a presumption that the dispute should be arbitrated, unless the party opposing arbitration can show that the clause is incapable of an interpretation that could cover the dispute at hand. AT & T Technologies, Inc v. Communications Workers of Am., 475 U.S. 643, 650 (1986).

Based on the clear language of the clause, we find the Subcontract's arbitration provision binding as to Trinity. Trinity does not object to the enforceability of the

Subcontract's arbitration clause and requests that we stay its third-party complaint against McHugh. Trinity also requests leave to file a motion to compel arbitration against Umicore pursuant to the terms of the Purchase Order. However, the only present issue for this opinion is the McHugh-Trinity arbitration provision, so any discussion of Umicore's purported obligation to arbitrate is inappropriate at this time.

## CONCLUSION

Based on the foregoing analysis, McHugh's motion to stay the proceedings and compel arbitration is granted, but only as to Trinity's third-party complaint. Trinity is granted leave to file a motion to compel arbitration against Umicore.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR 2 9 2004