Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8101 | DATE | 8/4/2004 |
| CASE TITLE | Umicore Building Products vs. Trinity Roofing Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing re-set for 11/9/2004 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Trinity's motion (Doc 19-1) to stay the proceedings and compel arbitration against Umicore is granted. Ruling set for August 12, 2004 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 5 2004 | 21 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/4/2004 | |
| SCT | courtroom deputy's initials | 2004 AUG -4 PM 3:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UMICORE BUILDING PRODUCTS USA, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TRINITY ROOFING SERVICE, INC., ) <br> ) <br> Defendant. ) <br> ------------------------------------------------------------ ) <br> TRINITY ROOFING SERVICE, INC., ) <br> ) <br> Counter-claimant, ) <br> vs. ) <br> ) <br> UMICORE BUILDING PRODUCTS USA, INC., ) <br> ) <br> Counter-defendant. ) <br> ------------------------------------------------------------ ) <br> TRINITY ROOFING SERVICE, INC., ) <br> ) <br> Third-party Plaintiff ) <br> vs. ) <br> ) <br> JAMES MCHUGH CONSTRUCTION CO., ) <br> ) <br> Third-party Defendant ) | 03 C 8101 <br><br> DOCKETED <br> AUG - 5 2004 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant/Third-Party Plaintiff Trinity Roofing Service, Inc.'s ("Trinity") motion to stay these proceedings and compel

arbitration against Plaintiff Umicore Building Products USA, Inc. ("Umicore"). For the reasons set forth below, the motion is granted.

## BACKGROUND

Third-Party Defendant James McHugh Construction Co. ("McHugh") is the general contractor on a construction project in Chicago (the "Project"). On March 8, 2001, McHugh contracted Trinity to provide roofing services for the Project (the "Subcontract"), including the furnishing of a zinc metal roofing system and accompanying shop drawings. On August 19, 2002, Trinity sent Umicore a purchase order for Umicore to deliver shop drawings and to fabricate roofing materials for Trinity's use on the Project (the "Purchase Order"). On November 12, 2003, Umicore, a Delaware corporation based in North Carolina, filed a complaint in this court against Trinity, an Illinois corporation, pursuant to 28 U.S.C. § 1332. Umicore's complaint alleges five counts of breach of contract under Illinois law, claiming that it fully performed under the terms of the Purchase Order and that Trinity has not paid for its services.

On February 9, 2004, Trinity filed a third-party complaint against McHugh, seeking to indemnify McHugh for any resulting judgment in favor of Umicore and also alleging breach of contract. On April 29, 2004, we stayed Trinity's action against McHugh and compelled the two parties to arbitrate pursuant to a binding arbitration

clause in the Trinity-McHugh Subcontract.[1] See <u>Umicore Building Projects USA, Inc. v. Trinity Roofing Service, Inc.</u>, 2004 WL 1093717 (N.D. Ill. 2004). Trinity now moves to compel arbitration against Umicore based on a provision in the Purchase Order which Trinity claims binds Umicore to participate in the Trinity-McHugh arbitration. Umicore has not opposed Trinity's motion.

## DISCUSSION

Trinity points to the following language in the Purchase Order for its assertion that Umicore should be forced to join the Trinity-McHugh arbitration: "Work performed by [Umicore] shall be in strict accordance with all applicable plans, general conditions, specifications and addenda thereto, and [Umicore] is bound by all provisions of these documents, and also all other documents to which [Trinity] is bound, and to the same extent." Def. Ex. A, ¶ 2. Trinity argues that based on the clear language of this provision, Umicore must adhere to the Subcontract's arbitration clause that mandated Trinity to arbitrate its dispute with McHugh. We agree.

The Trinity-Umicore Purchase Order expressly states that Umicore's involvement on the Project would be bound, to the same extent as Trinity, by the

---

[1] The Subcontract's arbitration clause provides: "Any dispute between [Trinity] and [McHugh] shall, at [McHugh's] sole option, be decided (1) by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association or (2) by litigation in any appropriate court located in Chicago, Illinois."

provisions of any document to which Trinity is bound. As we previously held, Trinity was compelled to arbitrate its dispute with McHugh based on the terms of the Subcontract. This conclusion was supported by Supreme Court doctrine which holds that when a contract includes an arbitration clause, the clause creates a presumption that the dispute should be arbitrated, unless the party opposing arbitration can show that the clause is incapable of an interpretation that could cover the dispute at hand. AT & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 650 (1986). Because Paragraph 2 of the Purchase Order binds Umicore to the terms of the Subcontract, Umicore should be held to the Subcontract's arbitration clause to the same extent as Trinity--a contention to which Umicore does not quarrel.

## CONCLUSION

Based on the foregoing analysis, Trinity's motion to stay the proceedings and compel arbitration against Umicore is granted.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: 8/4/04